UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | Cause No. 3:23-CV-1085-PPS-JEM |
| GASON ENGLISH, *et al.*, | |
| Defendants. | |

### OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. [DE 22.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that a medical provider prescribed a renal diet for him due to stage three kidney disease. He was receiving a renal diet, but that diet included processed foods, which he believes are unsuitable for his condition. Johnson asserts that his kidneys will fail sooner due to the inappropriate diet.[1] He has sued Gaston English,

---

[1] In December 2023, Johnson asked to be put on a general diet because he felt it contained less processed food than the renal diet. The medical provider approved that request. [DE 22-1 at 4.]

an Aramark employee, for refusing to address his concerns by providing a renal diet that does not contain processed foods.

These allegations are too vague to state a claim. A renal diet is generally defined as a diet low in sodium, potassium, and phosphorus. https://my.clevelandclinic.org/health/articles/15641-renal-diet-basics (last visited June 21, 2024). While Johnson may prefer a diet that does not contain processed foods, he has not adequately alleged that the diet he is receiving is inconsistent with his medical provider's recommendations. Therefore, I will not permit him to proceed against English.

Johnson has also named Aramark as a defendant, presumably because it employs English. A private company performing a public function can be sued for a constitutional violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of [its] employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Johnson has not identified any policy or custom of Aramark that resulted in a violation of his constitutional rights.

Johnson is also suing unidentified members of the IDOC custody staff working in the Westville Control Unit because they have told him that he must either accept the tray he is given or not get a tray. Custody staff is not in charge of determining what diet is appropriate for Johnson. Therefore, these allegations do not state a claim.

This complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (and consistent with) the events described in this

2

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Christopher M. Johnson until **July 26, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Christopher M. Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on June 24, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT